# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

ADIL H. SULIMAN,  )
             Plaintiff,  )
             v.  )  Case No. 16 C 1448
JOHN H. STROGER, JR. HOSPITAL  )
OF COOK COUNTY, IL,  )
             Defendant.  )

## MEMORANDUM ORDER

County of Cook d/b/a John H. Stroger Hospital of Cook County ("Cook County") has just filed its Amended Answer to the Supplemental Complaint of employment discrimination brought against it by Adil Suliman ("Suliman"), with that amended response having cured substantially all of the problematic aspects that were present in Cook County's initial May 23, 2016 response and that this Court had pointed out orally during the June 16 status hearing in this action. There are, however, a couple of items that call for correction or clarification, and this memorandum order is issued sua sponte to address them.

To begin with, Supplemental Complaint ¶ 10 contains timeliness allegations as to Suliman's administrative proceedings that preceded the filing of this lawsuit, as to which Cook County's May 23 response read:

> Defendant admits the allegations of this paragraph except that all allegations that preceded 300 days from the filing of the Charge of Discrimination are time barred.

Now, however, Cook County's current response is materially different:

> Defendant denies that all conditions precedent to the institution of this lawsuit
> have been fulfilled. Defendant further denies that Plaintiff timely filed a timely
> charge of discrimination on the basis of race and religion with the IDHR or the
> EEOC. Defendant admits the remaining allegations in paragraph 10.

There are two things that must be said about the inconsistency between those responses. They will be dealt with here seriatim.

First, if Cook County is right as to the nonfulfillment of conditions precedent to the institution of this action or as to the untimeliness of Suliman's discrimination charge (or both), such deficiency or deficiencies would be a ground for dismissing this action at the outset. And that being so, it is wrong both procedurally and substantively to have such a ticking time bomb sit there while the action moves forward. Accordingly Cook County is ordered to file a properly supported motion for dismissal on the ground or grounds referred to in the current response on or before July 15, 2016, failing which those objections will be deemed forfeited.

Apart from that matter, Cook County's original (and now superseded) response to Supplemental Complaint ¶ 10, which is echoed in Cook County's current Affirmative Defense III, reflects a misconception that is all too frequently advanced by defendants in employment discrimination cases. That has to do with allegations in a complaint that refer to events that occurred more than 300 days before a charge of discrimination was filed with the EEOC. In that respect Affirmative Defense III refers to Supplemental Complaint ¶¶ 17, 18 and 19.

That position misses the distinction between the lack of substantive actionability of conduct referred to in a plaintiff's complaint and the potential relevance of such conduct to the actionability of other conduct that is <u>within</u> the 300-day statutory time table. Such allegations as to earlier conduct may clearly be relevant to a determination as to an impermissible

discriminatory mindset and intent on the part of a defendant's decisionmaker during the non-barred period.

    Accordingly Cook County's counsel is ordered to cure the defects identified in this memorandum order by an amendment to the Amended Answer, also to be filed on or before July 15, 2016.  This memorandum order should not be regarded as exhaustive, so that Suliman's counsel is free to advance any other contentions targeting Cook County's pleading.

                                                                       Milton I. Shadur
                                                                       Senior United States District Judge

Date:  July 1, 2016